```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

MICHAEL BENNINGTON,             )
                                )
Petitioner,                     )
                                )
vs.                             )        NO. 3:06-CV-450
                                )
BILL WILSON,                    )
                                )
Respondent.                     )

## OPINION AND ORDER

Michael Bennington, a *pro se* prisoner, filed a habeas corpus petition on July 19, 2006 seeking relief under 28 U.S.C. section 2254. For the reasons set forth below, the habeas corpus petition is **DENIED**.

DISCUSSION

Bennington lists two grounds which are both merely challenges to the sufficiency of the evidence supporting the finding of guilt which resulted in a 90 day loss of good time on March 9, 2006 by the Westville Correctional Facility Disciplinary Hearing Board (DHB). At that hearing he was found guilty of possessing or using an unauthorized substance in violation of A112. Bennington was charged with possessing urine in a bottle. He was seen pouring the urine into the collection cup rather than urinating directly into it.

Sufficiency of the Evidence

Bennington argues that the evidence is not sufficient to support finding him guilty. He argues that the conduct report states that the date of the incident was February 27, 2006 and that Sgt. Dustin stated that he took the photo log sheet on the 27th. He argues that he was working on the 27th and that the drug testing did not occur until the 28th. He also argues that he did not provide a false specimen; he argues that he only attempted to provide one.[1] [2]

None of these arguments are relevant in a habeas corpus proceeding. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

---

1 Bennington does not argue that he was not given notice of the charge against him as required by *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974), but even if he had, the Report of Conduct adequately informed him of the factual basis of the charge against him even though it contained the wrong date and mis-named the offense "providing a false specimen". *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003). The report clearly told Bennington that he was accused of having a bottle from which he poured a yellow liquid into the urine cup.

2

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends – it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the report of the officer who caught him pouring urine from the bottle into the cup is sufficient to support finding him guilty of possessing an unauthorized substance. Bennington was not denied due process and the petition must be denied.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DENIED**.

**DATED: April 16, 2007**            /s/RUDY LOZANO, Judge
                                     **United States District Court**